88

James L. **MEEKS**, et al., Plaintiffs,

v.

**UNITED AIR CLEANER CO.,
INC., et al., Defendants.**

No. 95 C 2563.

United States District Court,
N.D. Illinois,
Eastern Division.

July 15, 1997.

Stanley Eisenstein, Irving M. Friedman, Harold A. Katz, Denise S. Poloyac, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for James L. Meeks, Marvin Lynch.

Harold A. Katz, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Mary – Kelly, Loretta Sturgeon.

Richard Carl Leng, Leng, Stowell, Friedman & Vernon, Chicago, IL, Adam Bourgeois, Sr., Lawrence Jackowiak, Bourgeois, Bourgeois & Edwards, Chicago, IL, Tobin Marais Richter, Chicago, IL, Pamela L. Wolf, Chicago, IL, for Yasar Samarah.

Michael J. Merlo, Martin A. Kanofsky, Linda J. Schneider, Merlo, Kanofsky & Brinkmeier, Ltd., Chicago, IL, Perry Michael Shorris, Wheeling, IL, for Health Plan Management, Inc.

Adam Bourgeois, Sr., Bourgeois, Bourgeois & Edwards, Chicago, IL, Lee T. Jennings, Jennings Law Firm, Chicago, IL, Pamela L. Wolf, Chicago, IL, for Samarah Enterprises of Chicago, Inc.

· Kathryn Ann Kelly, U.S. Attorney's Office, Chicago, IL, Christine A. Grant, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

Jonathan A. Backman, Gould & Ratner, Chicago, IL, pro se.

### *ORDER*

GETTLEMAN, District Judge.

This order deals with the type of unprofessional conduct that has become all too familiar to this court: the sending to court by senior attorneys of uninformed and inexperienced lawyers to cover important proceedings at which the senior attorneys, for whatever reasons, do not appear. The instant attempt by the senior attorneys to avoid the consequences of such conduct pours salt on the wound inflicted on the other parties and the court. This order, along with the previous rulings concerning this sorry affair, is meant to salve that wound and, hopefully, prevent such injuries in the future.

At 2:00 p.m. on April 2, 1997, pursuant to prior order, the court held a pretrial conference in connection with a number of motions that were pending, including the motion of the receiver, Jonathan Backman, to compel defendant Yasar Samarah to pay $50,000 into an escrow account to pay for the receiver's fees and expenses. At the commencement of

those proceedings, it was noted that Mr. Samarah's attorneys were not present. At the court's request, Mr. Backman called Samarah's attorneys to see where they were, and reported that he had spoken to Adam Bourgeois, one of Samarah's lead counsel. According to Mr. Backman, Mr. Bourgeois indicated that he was not planning on coming to the conference, that Richard Leng (Samarah's other lead counsel) was out of the office, and that he (Bourgeois) was sending someone from his office who did not know anything about the case. Thereafter, Lawrence Jackowiak, an associate attorney in Bourgeois's firm, appeared in chambers. The following colloquy then occurred:

THE COURT: Do you have any familiarity with this case?

MR. JACKOWIAK: Very little.

THE COURT: What does "very little" mean beside the caption and the number?

MR. JACKOWIAK: A little bit more than that.

THE COURT: All right. The receiver has a motion pending that was filed back in February to compel Mr. Samarah to pay $50,000 into an escrow to be segregated for the eventual payment of the receiver's fees upon the presentation of appropriate petition. Nobody else seems to object to this motion.

I'll give you leave to file your appearance instanter, all right. I'd like you to file a written appearance on our form. When you leave today, just file it in the clerk's office on 20th floor.

Do you I assume you have an objection to that motion, or do you? I shouldn't assume anything.

MR. JACKOWIAK: Adam informed me we have no objection to that.

THE COURT: You have no objection? Okay, I'll grant the motion.

MR. BACKMAN: Thank you, Your Honor. Should I prepare an order?

THE COURT: Please. And submit it to chambers later today or tomorrow. Just circulate it to everybody, the form, and submit it to me.....

Mr. Backman thereafter drafted the order, circulated it to other counsel, made certain changes as a result, and presented it to the court on June 11, 1997. At that time Samarah filed an objection, contending that Mr. Jackowiak erred in agreeing to Backman's motion, mistaking it for another motion, to which Mr. Samarah did agree, to distribute a separate $50,000 fund to certain third parties. The court agreed to vacate the ruling that granted Backman's motion to compel Samarah to pay the funds into an escrow on the condition that Backman be paid his attorney's fees incurred in drafting the order Mr. Jackowiak had agreed to and in responding to Samarah's motion to vacate. Samarah then filed the instant Motion to Reconsider the Sanctions Component of June 11, 1997, Order and Motion to Clarify Court's Sanction Order. For the reasons discussed below, these motions are denied.

The court soundly rejects the contention by attorneys Bourgeois and Leng that any sanctions should be imposed only on Jackowiak. To the contrary, it was Messrs. Bourgeois and Leng who failed to attend the conference (which was set at a status hearing at which Mr. Samarah was represented) and who sent an uninformed associate in their place, an associate whose error in agreeing to the order led to this unnecessary, time consuming and annoying sideshow. While the court decided not to penalize the client, Mr. Samarah, for the errors of his counsel, it determined that Mr. Backman should not have to bear the burden of those errors.

The court has ample authority to impose this sanction under Fed.R.Civ.P. 16(f), which specifically allows the court to award attorneys' fees for failure to appear or being unprepared to participate in a pretrial conference. In addition, Rule 16(f) allows the court to impose the more severe sanctions enumerated in Rule 37(b)(2)(B), (C) or (D). These include barring claims or defenses, striking pleadings or treating the misconduct as contempt. This court would have been inclined in the instant case to choose a more severe sanction were it not for the availability of the make-whole remedy of awarding the receiver his attorney's fees.

The current motion to reconsider is particularly offensive because it is based on the premise that Mr. Jackowiak, Bourgeois and Leng's subordinate, should alone be blamed for erroneously agreeing to the entry of the

order. As attorneys of record for Samarah, it was Bourgeois' and Leng's duty to attend the proceedings set by the court or to seek a continuance if they could not attend for reasons beyond their control (a circumstance that has yet to be established by either lawyer). At the very least, counsel should not send an uninformed (or misinformed) associate to cover a hearing or pretrial conference. This conduct is an insult to the court and is bound to lead to the type of problem encountered in this case.

The court's June 11, 1997, order, imposing fees on Samarah's counsel was intended to put the parties who were not at fault back into the positions they held prior to the error committed by Samarah's counsel. Neither Mr. Backman nor the interests he represents should be penalized for that error. Thus, the court reaffirms its decision to compel the people responsible for that error, namely Mr. Bourgeois and Mr. Leng, to pay Mr. Backman for his time to draft the order erroneously agreed to and to respond to the motion to vacate. In addition Mr. Backman has now been compelled to respond to the two frivolous motions currently before the court. He should be compensated for that effort as well.[1]

The court has reviewed Mr. Backman's time sheets (which include the time spent to respond to the two current motions), as well as his response to that portion of Samarah's motion to reconsider addressed to the reasonableness of attorneys' fees, and finds that the time Mr. Backman and his colleagues took to prepare the order and respond to the various motions was reasonable, and that the rates he seeks are also reasonable Accordingly, the court denies Samarah's Motion to Reconsider and Motion to Clarify, and orders that attorneys Bourgeois and Leng shall pay to Jonathan Backman attorneys' fees in the sum of $5,809.00 within seven days of the date of this order. Failure to do so will result in further sanctions by the court.

---

1. In addition to the authority granted by Rule 16(f), the court awards the receiver his fees in responding to the Motion to Reconsider and the Motion to Clarify under 28 U.S.C. § 1927, because these motions have multiplied these proceedings unnecessarily and vexatiously.